**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

| | |
|---|---|
| **ROGER ANTHONY WILLIAMS**, <br><br>     Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br>     Respondent. | **CIVIL ACTION NOS.: 3:22-CV-199,** <br> **3:22-CV-200** <br> **CRIMINAL ACTION NOS.: 3:18-CR-34-2,** <br> **3:19-CR-3** <br> **(GROH)** |

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On November 28, 2022, pro se Petitioner Roger Anthony Williams ("Petitioner") filed identical Motions to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in his two criminal case numbers: 3:18-CR-34 and 3:19-CR-3.[1] See ECF No. 240 in 3:18-CR-34; ECF No. 32 in 3:19-CR-3.[2] The Government filed almost identical Responses in Opposition. See ECF No. 246 in 3:18-CR-34; ECF No. 40 in 3:19-CR-3. Because Petitioner's Motions are untimely, the undersigned **RECOMMENDS** that the Motions to Vacate, Set Aside or Correct Sentence be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] Petitioner's Motions and attached exhibits are the same in both case numbers and were filed on the same date. His three asserted grounds are equally applicable to both cases because Petitioner had the same attorney, Kirk H. Bottner, Esq., both of the challenged convictions are § 922(g)(1) offenses, he received the same guidelines calculation with the same enhancements, and the sentences were the same and were imposed on the same date. Petitioner's constitutional challenges will either succeed or fail together for both cases. The undersigned will therefore simultaneously address both Motions in this Report and Recommendation without the need to perform a separate analysis for each case.

[2] All CM/ECF references correspond to either Criminal Action No. 3:18-CR-34 or 3:19-CR-3 and will be specified accordingly.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Petitioner's Conviction and Sentence

On September 5, 2018, Petitioner was charged in six counts of a twenty-count Third Superseding Indictment in 3:18-CR-34 for various firearm offenses. ECF No. 75. On December 3, 2018, Petitioner was charged in 3:19-CR-3 in a one count Information with Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. The one count Information was transferred from the District of Columbia to this district on January 9, 2019. Pursuant to a plea agreement entered with the Government that incorporates both cases, Petitioner pleaded guilty on January 15, 2019, to Count Five of the Third Superseding Indictment and Count One of the Information, both charging Unlawful Possession of a Firearm in violation of § 922(g)(1). ECF No. 154 in 3:18-CR-34; ECF No. 7 in 3:19-CR-3. Both charges each carry a statutory maximum term of imprisonment of ten years (120 months), three years of supervised release, and a $250,000 fine. Id.

The Presentence Investigation Report ("PSR") established a guideline imprisonment range of 108 to 135 months based on the total offense level of 30 and criminal history category of II. ECF No. 194 in 3:18-CR-34; ECF No. 15 in 3:19-CR-3. Because each count has a maximum sentence of ten years, no single count could receive a sentence of more than 120 months imprisonment. Id. Petitioner's attorney, Kirk H. Bottner and Petitioner certified that they had read, understood, and fully approved of each paragraph and provision of the PSR, with exception to one objection over the correct date of Petitioner's arrest. Id. On May 6, 2019, the district court sentenced Petitioner to 84 months of imprisonment and three years of supervised release for each count, to be

served concurrently with the other. ECF No. 195 in 3:18-CR-34; ECF No. 16 in 3:19-CR-3. Petitioner did not file an appeal in either case.

**B.     Petitioner's § 2255 Motions**

In his § 2255 Motions, Petitioner asserts three grounds for relief. ECF No. 240 in 3:18-CR-34; ECF No. 32 in 3:19-CR-3. First, Petitioner claims that his convictions under 18 U.S.C. § 922(g)(1) are unconstitutional following New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022),[3] which Petitioner contends created a new rule of constitutional law made retroactive on collateral review by the Supreme Court. Id. at 4. Second, Petitioner argues that his guidelines enhancement under USSG § 2K2.1(b)(4)(B) for a firearm having an obliterated serial number is unconstitutional following Bruen. Id. at 5. Lastly, Petitioner argues that his counsel was ineffective at sentencing in failing to argue the issue of the obliterated serial number enhancement, given that his co-defendant purportedly admitted to removing the serial numbers on the firearms. Id. at 7. Petitioner asserts that his Motions, filed on November 28, 2022, are timely under the one-year period of limitations established by 28 U.S.C. § 2255(f) based on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. at 11.

The Government filed its Responses on January 5, 2023, arguing that Bruen did not create a new rule of constitutional law made retroactive to his case, leaving the constitutionality of his convictions and sentences undisturbed. ECF No. 246 in 3:18-CR-

---

[3] Petitioner also cites to a district court case from the Southern District of West Virginia: United States v. Price, No. 2:22-CR-97, 2022 WL 6968457 (S.D.W. Va. Oct. 12, 2022). However, in Price, the district court, applying Bruen to a motion to dismiss an indictment, held that § 922(g)(1) remains constitutional. Price, 2022 WL 6968457, at *7–9.

3

34; ECF No. 40 in 3:19-CR-3. The Government further contends that Petitioner's Motions are barred by the statute of limitations as well as the appellate waiver contained in Petitioner's signed plea agreement, and that his counsel was not ineffective for failing to raise frivolous claims. Id.

Petitioner filed his Reply in 3:19-CR-3 on January 19, 2023. ECF No. 44. On March 1, 2023, Petitioner filed his Reply in 3:18-CR-34. ECF No. 254.

### III.   LEGAL STANDARD

A petitioner collaterally attacking his sentence or conviction bears the burden of proving by preponderant evidence: (1) that his sentence or conviction was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such a sentence; (3) that the sentence exceeded the maximum authorized by law; (4) or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255(a). If the petitioner satisfies that burden, the court may vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(b). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." Beyle v. United States, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017). The court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### IV.   ANALYSIS

The Petitioner must comply with the one-year statute of limitations when filing a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period shall run from the latest of four dates:

4

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner asserts that his Motions, both filed on November 28, 2022, are timely under the date used for § 2255(f)(3), which only applies when "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." ECF No. 240 at 11 in 3:18-CR-34; ECF No. 32 at 11 in 3:19-CR-3. Under § 2255(f)(3), the Fourth Circuit has ruled that a petitioner's motion is timely if "(1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from the date on which the right asserted was initially recognized by the Supreme Court, … and (3) the Supreme Court or this court [of appeals] has made the right retroactively applicable." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017) (internal citations omitted). For his first two grounds, Petitioner relies on the Supreme Court case New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), which was decided on June 23, 2022.[4] While Petitioner did file his Motions within one year of

---

[4] In Bruen, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." 142 S. Ct. at 2122. The Court also defined the framework under which Second Amendment claims are to be examined. Id. at 2129–31. First, when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. Id. at 2129–30. Then, if the conduct is covered, the government must justify its regulation of the conduct by demonstrating that the regulation is consistent with the historical tradition of firearm regulation. Id. at 2130–31. Only then may a court conclude that the individual's conduct falls outside Second Amendment protections. Id.

Bruen,[5] the filing date of Petitioner's motions must be associated with the statutory deadlines because neither the Supreme Court nor the Fourth Circuit has ruled or recognized that any new rights were established in Bruen retroactively applicable to cases on collateral review.

The Supreme Court did not state that its holding in Bruen constituted a new rule of constitutional law retroactively applicable to cases on collateral review. See Bruen, 142 S. Ct. at 2111–56. Section 2255(f)(3) does not authorize the court "to read between the lines of a prior opinion to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." United States v. Mathur, 685 F.3d 396, 401 (4th Cir. 2012). "The only way to make a new rule retroactive 'is through a holding'" of the Supreme Court or the Fourth Circuit. Mathur, 685 F.3d at 401 (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001)); Brown, 868 F.3d at 301; See also In re Richardson, 802 Fed.Appx. 750, 755 (4th Cir. 2020) . Bruen made no such holding, and since then, the Fourth Circuit has not addressed whether Bruen should be applied retroactively.

Petitioner fails to cite, and the Court cannot find, an opinion by the United States Supreme Court or a court of appeals holding that Bruen applies retroactively to a criminal case on collateral review.[6] After a thorough search, the limited number of cases addressing the retroactive status of Bruen to date have all held that Bruen has not been made retroactive for cases on collateral review. See, e.g., Salley v. United States, 2023

---

[5] See Dodd v. United States, 545 U.S. 353, 357–58 (2005) (holding that the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was made retroactive).

[6] Outside of Bruen, the only case Petitioner cites is a district court case from the Southern District of West Virginia: United States v. Price, No. 2:22-CR-97, 2022 WL 6968457 (S.D.W. Va. Oct. 12, 2022). However, in Price, the district court applied the Bruen case in the context of a pre-trial motion to dismiss an indictment for a defendant who had yet to be convicted and sentenced. Price, 2022 WL 6968457, at *1, 9. The Price court did not apply Bruen to a post-conviction collateral attack. See also Footnote No. 3.

WL 3568618, at *1–3 (M.D. Fla. May 18, 2023) (dismissing § 2255 motion as time-barred where petitioner filed his motion two and a half years after his conviction became final and relied on Bruen in an attempt to trigger § 2255(f)(3)); In re: Bruce Murray, No. 23-10958-A, 2023 U.S. App. LEXIS 10241, at *3 (11th Cir. April 26, 2023) ("Murray's reliance on *Bruen* as a new rule of constitutional law under § 2255(h)(2) is misplaced, as he 'has not made a *prima facie* showing that [*Bruen*] has been made retroactively applicable by the Supreme Court to cases on collateral review.'" Quoting In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013)); Battles v. United States, 2023 WL 346002, at *1 (E.D. Mo. Jan. 20, 2023) (holding that § 2255 motion was time-bared because Bruen "did not announce a new rule retroactively available on collateral review"); In re Alexander, No. 22-13900-D, 2022 U.S. App. LEXIS 33592, at *3–4 (11th Cir. Dec. 6, 2022) (holding that the "Supreme Court did not state that its holding [in Bruen] constituted a new rule of constitutional law applicable to cases on collateral review").

      Because Bruen did not announce a new constitutional right made retroactively applicable to Petitioner's case on collateral review, Petitioner cannot use the date of that decision as the beginning of a new limitations period under § 2255(f)(3). Consequently, Petitioner is unable to satisfy the requirements of 28 U.S.C. § 2255(f)(3) to render his Motions timely. Sections 2255(f)(2) and (f)(4) likewise do not apply to Petitioner's case since Petitioner has not alleged or claimed that governmental action impeded his ability to file a motion, nor has he made an assertion that newly discovered facts now support his claims. That leaves § 2255(f)(1) as the only applicable triggering date for the one year statute of limitations in this case.

Petitioner's judgment of conviction became final in 2019. "A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal." United States v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017). Petitioner did not file a direct appeal in either case. The district court entered the judgment of conviction in both cases on May 9, 2019, and the time to appeal expired fourteen days later on May 23, 2019. Fed. R. App. P. 4(b)(1)(A). The limitation period started the next day, and the time to file a § 2255 motion expired one year later on May 23, 2020. In sum, the motions to vacate filed by Petitioner on November 28, 2022, are more than two and a half years beyond the deadline imposed by the statute of limitations.

Briefly, it is worth mentioning that § 2255(f)(3) is not applicable to Ground Three because Petitioner's claim of ineffective assistance of counsel has no connection to the Bruen decision or any other recent Supreme Court opinion for that matter. Petitioner specifically claims in Ground Three that his counsel was ineffective at sentencing in failing to argue the issue of the obliterated serial number enhancement, given that his co-defendant purportedly admitted to removing the serial numbers on the firearms in two proffers. Petitioner attached these proffers to his Motions as exhibits, which date back to November of 2018. See, e.g., ECF Nos. 240-4 to 240-7 in 3:18-CR-34. This information was available to Petitioner and his counsel well before his sentencing on May 6, 2019, and thus would not constitute newly discovered facts that could fall under the § 2255(f)(4) triggering date. And to be clear, Petitioner has not claimed that these admissions were discovered in the past year. He now claims that his counsel should have used these co-defendant admissions to challenge the serial number enhancement at sentencing.

8

However, counsel's performance was not deficient in choosing to avoid this argument at sentencing, and Petitioner was not prejudiced by that strategic decision. As explicitly stated in Application Note 8(B) of the USSG, the § 2K2.1(b)(4)(B) enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm … had an altered or obliterated serial number." In short, while Petitioner's ineffective assistance of counsel argument is without merit, if he wanted to properly assert it, he should have filed his Motions within one year of the date on which the judgment of conviction became final.

In conclusion, Petitioner's Motions, and the grounds asserted therein, are untimely. Because Petitioner's claims are time-barred pursuant to § 2255(f), his Motions should be denied and dismissed with prejudice.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Petitioner's Motions [ECF No. 1 in 3:22-CV-199 and 3:22-CV-200; ECF No. 240 in 3:18-CR-34-2; ECF No. 32 in 3:19-CR-3] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo**

9

**review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge's association with this case.

**DATED:** June 15, 2023

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE